IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth R. Price, | C/A No.: 1:20-2219-SAL-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Lt. Rojes, | |
| Defendant. | |

Kenneth R. Price ("Plaintiff"), proceeding pro se and in forma pauperis, filed an amended complaint[1] alleging a violation of his constitutional rights by Lt. Rojes ("Defendant"), an employee at Turbeville Correctional Institution. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleged that on December 20, 2018, Defendant was careless in driving a van with inmates in Bennettsville, South Carolina. [ECF No. 9 at 4–5]. He alleges Defendant placed the car in reverse at a traffic light, causing

---

[1] The court previously issued an order and notice notifying Plaintiff of deficiencies in his original complaint and permitting him an opportunity to file an amended complaint. Plaintiff filed an amended complaint on July 15, 2020. [ECF No. 9].

Plaintiff to snap his neck snap as he turned to look behind him. *Id.* Defendant did not call an ambulance to take Plaintiff from the scene of the accident. He alleges the doctor refused to see him when he was taken to medical. [ECF No. 9-1].

II.    Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's

allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To allege an Eighth Amendment claim, an inmate must allege facts that indicate: (1) that objectively the deprivation suffered or harm inflicted "was

3

'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). To demonstrate such extreme deprivation, Plaintiff "must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *Id.* at 634 (quoting *Strickler*, 989 F.2d at 1381). The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

Plaintiff's claims sounds in negligence, which does not give rise to a federal constitutional claim. *See Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906-07 (8th Cir. 1999) (citations omitted) (holding that injuries sustained from transportation in vehicles with no seatbelts failed to present a "substantial risk of serious harm," and "constitute[d] negligence at most"); *Brown v. Walton*, No. 3:17CV338, 2018 WL 3946534, at *4 (E.D. Va. Apr. 16, 2018) (finding injured inmate alleged only negligence when officer drove

4

recklessly knowing that inmate had no operable seatbelt); *Atkins v. Lofton*, 373 F. App'x 472, 473 (5th Cir. 2010) (citation omitted) (holding that "unfortunate fall from the stretcher was the result of the ERT's carelessness or negligence, neither of which constitutes deliberate indifference"); *Reynolds v. Powell*, 370 F.3d 1028, 1031–32 (10th Cir. 2004) (finding that slippery conditions arising from standing water in shower was not a condition that posed a substantial risk of serious harm, even where inmate was on crutches and warned employees that he faced a heightened risk of failing); *Beasley v. Anderson*, 67 F. App'x 242, 242 (5th Cir. 2003) (citations omitted) (holding slip and fall claim sounded in negligence and was insufficient to allege a constitutional claim).

To the extent Plaintiff believes he was denied medical treatment, he has failed to show Defendant knew that he needed an ambulance and had a "sufficiently culpable state of mind" in failing to request an ambulance. The undersigned recommends Plaintiff's amended complaint be summarily dismissed.

III.   Conclusion and Recommendation

By order issued on June 25, 2020, the undersigned provided Plaintiff an opportunity to correct the defects identified in his complaint and further warned Plaintiff if he failed to timely file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the

district court the action be dismissed without leave for further amendment. As discussed herein, Plaintiff's amended complaint fails to correct the deficiencies, and like the original complaint, fails to state a claim upon which relief can be granted. Accordingly, the undersigned recommends the district court dismiss this action with prejudice. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015)).

    IT IS SO RECOMMENDED.

July 15, 2020                                                Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).